UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA                :
                                        :
                                        :
          v.                            :    **MEMORANDUM & ORDER**
                                        :
                                        :    98-CR-444(KAM)
JESUS GRAJALES,                         :
                                        :
               *Defendant*.             :
                                        :
----------------------------------------X
**MATSUMOTO, United States District Judge:**

On April 23, 2019, Jesus Grajales (hereinafter "defendant" or "Grajales") moved for habeas corpus relief under 28 U.S.C. §§ 2241 and 2255, pursuant to the First Step Act. (ECF No. 220, Mot. for Release from Custody ("Mot.").) Grajales brings this motion based on the First Step Act, enacted on December 21, 2018, which, among other criminal justice reforms, amended 18 U.S.C. § 3624(b), the statutory provision providing for the calculation of so-called good-time credit by the Federal Bureau of Prisons ("BOP"), based on the sentence imposed by the court, rather than time actually served. (Mot. 2.) He challenges the BOP's failure to calculate his entitled credit under the amended § 3624, which would advance his release date accordingly, and thus would render his present incarceration unconstitutional. (*Id.*) The Government opposes defendant's

motion. (ECF No. 222, Gov't Opp'n 1.) For the following reasons, defendant's motion is denied in its entirety.

Grajales pled guilty on March 19, 1999, to conspiring to distribute cocaine in violation of 21 U.S.C. § 846 and to conspiring to launder proceeds of narcotics sales in violation of 18 U.S.C. § 1956. (Mot. 2.) Then District Judge Reena Raggi imposed sentence on Grajales of 360 months custody and five-years supervised release. (ECF No. 98.) This sentence was reduced pursuant to 18 U.S.C. § 3582(c)(2) to 292 months on May 11, 2017, by Judge Sandra Townes. (ECF No. 217, Order Reducing Sent.)

**DISCUSSION**

Federal prisoners may receive so-called good-time credit towards their sentence by avoiding disciplinary issues while incarcerated. 18 U.S.C. § 3264(b)(1). Section 102(b)(1)(A) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5193, 5222 (2018) (the "First Step Act" or the "Act"), amends 18 U.S.C. § 3624(b)(1) to increase the maximum good-time credit prisoners are entitled to from 47 days to 54 days per year.

Defendant, in challenging the execution of his sentence, brings his motion, in part, under 28 U.S.C. § 2241. (*See* Mot. (noticing his motion for "an order pursuant to 18 U.S.C. § 2241 (sic) and 18 U.S.C. § 2255 (sic)")); *Adams v.*

2

*United States*, 372 F.3d 132, 135 (2d Cir. 2004). However, a § 2241 petition must be filed in the judicial district with jurisdiction over the prisoner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); 28 U.S.C. §§ 2242, 2243. Grajales appears to be incarcerated at the Allenwood Federal Correctional Institution in Allenwood, Pennsylvania. *See Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited June 26, 2019). Thus, his § 2241 petition was improperly filed in the Eastern District of New York.

Moreover, to the extent defendant moves the court to recalculate his sentence and award credit for good-time served, that responsibility lies, in the first instance, with the Attorney General who, in turn, has delegated this authority to the BOP. 28 C.F.R. § 0.96; *see also United States v. Wilson*, 503 U.S. 329, 333 (1992). A prisoner who wishes to challenge the BOP's calculation of his sentence, including for the denial of good-time credit, has administrative remedies available to him. *Wilson*, 503 U.S. at 335 (citing 28 C.F.R. §§ 542.10-542.16). Before a prisoner may seek habeas relief under § 2241, he must first exhaust his administrative remedies with the BOP. *See, e.g.*, *United States v. Keller*, 58 F.3d 884, 894 ("To obtain sentencing credit . . . a federal prisoner must first exhaust his administrative remedies before seeking judicial relief.").

Grajales has not alleged, let alone established, that he exhausted the administrative remedies available to him to challenge the calculation of his sentence. *See Wright v. Hudson*, No. 12-CV-1638, 2015 WL 5971055, at *3 (N.D.N.Y. Oct. 14, 2015) ("Thus, with respect to a § 2241 petition challenging the computation of credit on a federal sentence, a district court has the power only to review a decision by the BOP, not to make credit determinations in the first instance.").

Defendant argues instead that courts have deemed § 2241's exhaustion requirement met in cases where the outcome of the administrative proceedings is practically a foregone conclusion. (Mot. 12-13.) That is, the Supreme Court has excused a lack of exhaustion when either: (1) the prisoner faces irreparable harm from delay; (2) there is some doubt as to whether the agency was empowered to render relief; or (3) the agency has indicated predetermination of the issue. (*Id.* at 13 (citing *Madigan v. McCarthy*, 503 U.S. 140, 146-49 (1992)).) In support of his argument that the BOP's decision on defendant's requested relief is foregone, defendant cites to two news articles, which are not appropriate legal authority. (*Id.*) Whether or not the BOP's decision is predictable, the court nevertheless lacks jurisdiction to grant relief under § 2241. Defendant's argument to the contrary, that exhaustion is a "prudential consideration" and not jurisdictional, is

4

unpersuasive. *See United States v. Woods*, 888 F.2d 653, 654 (10th Cir. 1989) ("[A] defendant's failure to exhaust administrative remedies does not preclude judicial review *where the government fails to raise an objection*." (emphasis added)).

Turning to the branch of plaintiff's motion brought under § 2255, this court must deny the motion. Defendant's reading of § 102(b) of the Act is contrary to its plain meaning and defendant has not carried his burden to overcome the statute's clear, unambiguous meaning. Section 102(b)(1) of the Act amended the good-time credit provision of 18 U.S.C. § 3624 to permit federal prisoners to earn 54 days of good conduct time for each year of their imposed sentence served. First Step Act § 102(b)(1). Section 102(b)(2) of the Act clearly states that "amendments made by *this subsection* shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system" required by § 101(a) of the Act. *See Id.* §§ 101 (a), 102(b)(1)(B)(emphasis added). Section 101(a) does not require the Attorney General to complete the assessment system until 210 days after the Act's enactment, or, approximately July 2019. *Id.* § 101(a). The court understands that the Attorney General has not implemented the assessment system as of the date of this Order.

Defendant argues on multiple fronts that this court should decline to give the statute its plain meaning such that

§ 102(b)(1)(A) is immediately effective because the effective date provision in § 102(b)(2) is "rationally connected" solely to the Act's newly created risk and needs assessment system. (Mot. 7.) First, defendant argues that the "full statutory context" should compel the court to construe narrowly "this subsection" in § 102(b)(2) to apply the effective date provision only to the newly promulgated subsection (g) of 18 U.S.C. § 3624, and not § 102(b) of the Act itself. (*Id.*) Second, defendant argues that a plain reading of § 102(b) would be arbitrary and capricious because it would delay the effective date of the amendments to an uncertain time in the future. (*Id.* at 10.) Defendant also argues that if § 102(b)(1)(A) is not given immediate effect, the result would violate defendant's due process and equal protection rights. (*Id.*)

With regard to his first argument, defendant asserts that, absent a "clear direction by Congress to the contrary," *Gozlon-Peretz v. United States*, 498 U.S. 395, 403 (1991), a law takes effect on the date of enactment. (Mot. 7.) Defendant accordingly argues that the effective date provision of § 102(b) does not apply to § 102(b)(1)(A) but only to § 102(b)(1)(B) such that there is no clear direction by Congress to the contrary as to § 102(b)(1)(A)'s effective date. (*Id.*) According to defendant, canons of construction support adopting this limited view of § 102(b)(2) because courts should not construe statutes

6

leading to "absurd" results or impute to Congress intent leading to "arbitrary" results. (*Id.* at 8.)

Second, defendant argues that courts construe remedial legislation aimed at correcting prior drafting oversight to be immediately effective. (*Id.* at 9.) In support, defendant cites to *Gozlon-Peretz* where the Supreme Court construed the Controlled Substances Penalties Amendments Acts of 1984 to be effective upon enactment because "the apparent purpose of the legislation [was] to rectify an earlier mistake." (*Id.* (citing 498 U.S. at 404).)

Although these arguments are well-reasoned and not entirely without merit, because the plain language of § 102(b) is "unambiguous," the court's "inquiry begins with the statutory text, and ends there as well." *Nat'l Ass'n of Mfrs. v. Dept. of Def.*, 138 S. Ct. 617, 631 (2018); *see also BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) (plurality opinion)). Indeed, defendant concedes that § 102(b), considered on its own, could rationally be read to encompass § 102(b)(1)(A), the amendments relating to good-time credit. (Mot. 7.) The structure and text of § 102(b) clearly indicate that the reference to "this subsection" unambiguously refers to § 102(b), *i.e. both* §§ 102(b)(1)(A) and (b)(1)(B), and not subsection (g) of 18 U.S.C. § 3624. A contrary reading is not warranted and would, in fact, be confusing. Moreover, the court finds that a

7

plain reading would not lead to an absurd or arbitrary result. Thus, there is "clear direction by Congress" that § 102(b) of the Act is not immediately effective.

Since the First Step Act became law, many courts have reached the same conclusion. *See United States v. Scouten*, No. 13-CR-0020S, 2019 WL 1596881, at *1 (W.D.N.Y. Apr. 15, 2019); *United States v. Yates*, No. 15-40063, 2019 WL 1779773 (D. Kan. Apr. 23, 2019); *United States v. Parrett*, No. 01-CR-0168, 2019 WL 1574815, at *1 (E.D. Wisc. Apr. 11, 2019); *Johnson v. Bureau of Prisons*, No. 19-CV-0224, 2019 WL 1569360, at *2 (N.D. Tex. Apr. 11, 2019); *United States v. Powell*, No. 11-CR-0075-JMH, 2019 WL 1521972, at *3 (E.D. Ky. Apr. 8, 2019); *Roy v. U.S. Bureau of Prisons*, No. 19-CV-0059, 2019 WL 1441622, at *1–2 (E.D. Wash. Apr. 1, 2019); *Sheppard v. Quintana*, No. 19-0084, 2019 WL 1103391, at *2 (E.D. Ky. Mar. 8, 2019); *Oscar Molina v. Underwood*, No. 19-CV-0641-K-BN, 2019 WL 1533444, at *2 (N.D. Tex. Mar. 19, 2019), *adopted at* No. 19-CV-641-K, 2019 WL 1531853 (N.D. Tex. Apr. 9, 2019); *see also Kornfeld v. Puentes*, No. 19-CV-0263, 2019 WL 1004578, at *3 (E.D. Cal. Mar. 1, 2019). This court sees no reason to decide differently.[1]

---

[1] The order defendant attaches to his motion does not include any legal analysis nor cite any legal authority, and thus is unpersuasive. (*See* ECF No. 220-2, Ex. B, Order.) Exhibit B to the Motion is an order issued in the Federal District Court for the District of Oregon granting a similar motion by a federal prisoner under the First Step Act. *United States v. Walker*, No. 10-CR-0298, slip op. (D. Or. Feb. 7, 2019). However, that court granted the motion for recalculation (and thus the prisoner's release) without deciding

As for defendant's remaining arguments, the court finds they are likewise without merit. In order to state an equal protection claim, defendant must first show that the law treats him differently than others similarly situated. *Dorcely v. Wyandanch Union Free Sch. Dist.*, 665 F. Supp. 2d 178, 194 (E.D.N.Y. 2009) (citing *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000)). He has not done so, nor could he, as the First Step Act, and the staggered implementation of the good-time credit provision, applies to all prisoners similarly situated, and federal prisoners do not comprise a suspect class. *Nicholas v. Tucker*, 114 F.3d 17, 20 (2d Cir. 1997). Additionally, defendant's argument pursuant to the Fifth Amendment's due process clause is unavailing. Defendant does not have a constitutional right to the calculation of a good-time credit in the first place, let alone a right to an immediate new calculation method. *Perez v. Zenk*, No. 04-CV-5069, 2005 WL 990696, at *4 (E.D.N.Y. Apr. 11, 2005) ("As to the question of fundamental rights, the good time credit statute merely authorizes the BOP to offer prisoners the benefit of a reduced sentence in exchange for good behavior. It therefore does not implicate any fundamental right implicitly or explicitly guaranteed by the Constitution.").

---

the merits of his argument and in part because the government failed to respond.

9

## CONCLUSION

For the foregoing reasons, defendant's motion is respectfully denied in its entirety.

**SO ORDERED.**

Dated: June 26, 2019
      Brooklyn, New York

                                        /s/
                              **HON. KIYO A. MATSUMOTO**
                              United States District Judge
                              Eastern District of New York